**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT M. PODLASEK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **vs.** | ) | |
| | ) | |
| **THE OFFICE OF THE STATE'S** | ) | |
| **ATTORNEY OF COOK COUNTY,** | ) | |
| **an Agency of the State of Illinois, and** | ) | |
| **THE COUNTY OF COOK.** | ) | |
| | ) | **JURY DEMANDED** |
| **Defendants.** | ) | |

_____

**COMPLAINT**

The Plaintiff, ROBERT M. PODLASEK, by and through his attorneys, HOLMAN & STEFANOWICZ, LLC, complains of the Defendants, THE OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY, an Agency of the State of Illinois, and THE COUNTY OF COOK., as follows:

**INTRODUCTION**

1.      This action seeks redress for the improper termination of the Plaintiff's employment and wrongful discrimination in employment by the Defendant, THE OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY, in violation of the Plaintiff's rights of equal protection in violation of the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 *et seq.*; and in violation of the Illinois Human Rights Act ("IHRA") 775 ILCS 5/1-101 *et seq.*

1

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the Federal claims herein pursuant to the provisions of the ADA, 42 U.S.C. § 12101 *et seq.* and 28 U.S.C. § 1331.  For the supplemental Illinois claims, jurisdiction is conferred upon the Court by 28 U.S.C. § 1367.

3.     On or about February 22, 2019, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR").

4.     On or about January 24, 2020, the EEOC issued the Plaintiff a Notice of Right-to-Sue on his EEOC Charge.  (A copy of the Plaintiff's Notice is attached hereto as "Exhibit A.") The Plaintiff's cause of action was filed within 90 days of the receipt of his Notice of Right-to-Sue.

5.     Venue herein is proper under 28 U.S.C.A. § 1391(b).  The unlawful practices complained of in this Complaint occurred within this District, the employment records relevant to this matter are maintained and administered within this District, the Plaintiff is a resident of this District, and the Defendant's principle place of business is within this District.

## PARTIES

6.     Plaintiff, ROBERT M. PODLASEK ("PODLASEK") is a resident of the Village of Barrington, in the County of Cook, in the State of Illinois.  PODLASEK was employed as an Assistant State's Attorney with the Defendant, THE OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY, and had been so employed since on or about June 3, 2003.[1]  On or about

---

[1] PODLASEK had worked at the STATE'S ATTORNEY prior to his final stint.

May 8, 2018, PODLASEK's employment as an Assistant State's Attorney was improperly terminated.

7.      At all times relevant hereto, Defendant, THE OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY (hereinafter "STATE'S ATTORNEY") was and is a Cook County funded agency of the State of Illinois under the elected leadership of Kimberly M. Foxx, as the State's Attorney of Cook County.

8.      At all times relevant hereto, Defendant, THE COUNTY OF COOK (hereinafter "COOK COUNTY"), was and is an Illinois municipal corporation, body politic, and unit of local government, which provides and controls the funding of Defendant, STATE'S ATTORNEY.  As a result of the funding provided by COOK COUNTY to Defendant, STATE'S ATTORNEY, COOK COUNTY is a necessary party to this cause of action.

## STATEMENT OF THE FACTS

9.      The last position held by PODLASEK was as an Assistant State's Attorney assigned to the Special Prosecution Bureau, more specifically, PODLASEK was a First Chair Assistant State's Attorney in the Public Corruption and Financial Crime Unit.

10.      During PODLASEK's employment with Defendant, STATE'S ATTORNEY, his performance far exceeded his employer's legitimate expectations; and he had never been warned that his performance was substandard and/or put him at risk of termination.

11.      During PODLASEK's employment with Defendant, STATE'S ATTORNEY, he did not engage in any willful act of misconduct which would merit termination from his employment as an Assistant State's Attorney with Defendant, STATE'S ATTORNEY.

12.     For approximately one year prior to his termination, PODLASEK noticed certain medical changes occurring, which included, without limitation: speech changes including speaking slower, softer, and slurring; slowed movement, including making simple tasks difficult and time-consuming, impaired posture and balance, and left arm stiffness and loss of movement.

13.     In or about March 2018, PODLASEK began seeing a medical specialist in connection with the medical changes that he was experiencing.

14.     In or about March 2018, PODLASEK's direct supervisor, Deidre Dyer, Deputy Supervisor of the Special Prosecution Bureau, had a conversation with PODLASEK in which she stated, "Dave [Williams, Supervisor of the Special Prosecution Bureau] asked me 'do you think Bob [Podlasek] is drinking on the job.'"

15.     PODLASEK advised Deidre Dyer that he was not drinking on the job, and that he was currently seeing a specialist and is going through neurological testing to determine if he has Parkinson's disease.  PODLASEK advised Deidre Dyer that many of the symptoms of Parkinson disease, including, without limitation, speech changes, slowed movement, and impaired posture and balance, mimic alcohol use and abuse.  PODLASEK told Deidre Dyer that he wanted to meet with Dave Williams in order to explain to him that he was not drinking on the job, and that the alleged conduct of PODLASEK was in fact symptoms of Parkinson's disease.

16.     Parkinson's disease is a progressive nervous system disorder that affects movement and some cognitive abilities.  In Parkinson's disease, certain nerve cells (neurons) in the brain gradually break down or die.  Many of the symptoms of Parkinson's disease are due to a loss of neurons that produce a chemical messenger in your brain called dopamine.  When dopamine levels decrease, it causes abnormal brain activity, leading to the symptoms of Parkinson's disease.

4

17.     Shortly after his discussion with Deidre Dyer, PODLASEK met with David Williams, Supervisor of the Special Prosecution Bureau, and Deidre Dyer, Deputy Supervisor of the Special Prosecution Bureau, and advised them that he was going to need to take some days off in connection with additional neurological testing and treatment for his Parkinson's disease. David Williams responded, in essence "Thank God, I thought something else was going on with you and you were drinking on the job, please take as much time as you need." PODLASEK again emphasized that many of the symptoms of Parkinson disease that he was experiencing, including, without limitation, speech changes, slowed movement, and impaired posture and balance, mimic alcohol use and abuse.   PODLASEK's request to take any necessary days was approved.

18.     Early evening on Friday, May 4, 2018, PODLASEK was allegedly involved in a minor auto accident within a block of his home.  Unaware of the alleged accident, PODLASEK was approached by the police near the driveway of his home.  While PODLASEK was being questioned by the police, PODLASEK exhibited multiple symptoms consistent with Parkinson's disease: difficulties standing on his own, impaired posture and balance, confusion about the alleged accident, and slow and slurred speech.

19.     On May 4, 2018, as a result of the symptoms that PODLASEK was exhibiting, the Barrington Police arrested PODLASEK and charged him with driving under the influence of alcohol.

20.     On the morning of Saturday, May 5, 2018, PODLASEK and his wife contacted by telephone his direct supervisor, Deidre Dyer, Deputy Supervisor of the Special Prosecution Bureau, and advised her of his arrest, and advised her that it was his belief that the symptoms

that he was exhibiting in the presence of the police were as a result of his Parkinson's disease and not alcohol intoxication.

21.     On May 5, 2018, Kathy Wallace, the Director of Human Resources for Defendant, STATE'S ATTORNEY, contacted PODLASEK by telephone and told him that "as a result of your arrest you are suspended without pay," and told PODLASEK not to come into the office.

22.     On May 6, 2018, PODLASEK contacted his physician concerned about the events and symptoms he experienced on the early evening of May 4, 2018. PODLASEK's physician wanted to see him first thing the next day.

23.     On May 7, 2018, PODLASEK visited his physician and described the events that had occurred on May 4, 2018. PODLASEK's physician opined that PODLASEK had a neurological event as a result of his Parkinson's disease, and referred PODLASEK for immediate additional neurological testing.

24.     On May 7, 2018, as a result of his physician's opinions and orders, PODLASEK made a request on the Defendant, STATE'S ATTORNEY's on-line system for time-off due to his medical conditions. PODLASEK's request was not approved.

25.     On May 7, 2018, PODLASEK and his wife called the Defendant, STATE'S ATTORNEY's Human Resource Department regarding ordinary disability benefits for PODLASEK due to his medical conditions.

26.     On May 8, 2018, Kathy Wallace, the Director of Human Resources for Defendant, STATE'S ATTORNEY, contacted PODLASEK and advised him that "you are terminated, effective immediately."

6

## COUNT I
## (DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA)

27.     PODLASEK restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein.

28.     The actions of the Defendant, STATE'S ATTORNEY, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting PODLASEK because of his disability and/or his perceived disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*

29.     Under the ADA, as a result of PODLASEK's health condition -- Parkinson's disease -- PODLASEK is considered to have a disability, because he has a physical or mental impairment that substantially limits one or more of his major life activities; or PODLASEK is regarding as having such an impairment by the Defendant.  42 U.S.C. § 12102(1)(A) and (C).

30.     At the time of his termination, PODLASEK was a qualified individual with a disability, in that with or without a reasonable accommodation PODLASEK was able to perform the essential functions of the position he held as an Assistant State's Attorney.  42 U.S.C. § 12111(8).

31.     At the time of his termination, PODLASEK was qualified for the position of Assistant State's Attorney and was meeting the legitimate performance expectations of his employer.

32.     The Defendant, STATE'S ATTORNEY, discriminated against PODLASEK by suspending and terminating his employment because of his disability -- Parkinson's disease -- or as a result of his perceived disability -- Parkinson's disease.  42 U.S.C. § 12112(a).

7

33.     As a direct and proximate result of the Defendant, STATE'S ATTORNEY's, wrongful conduct and improper suspension and termination of PODLASEK's employment, PODLASEK suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to his reputation, and other consequential and special damages.

34.     Defendant, STATE'S ATTORNEY's, wrongful conduct and improper suspension and termination of PODLASEK's employment, was intentional, willful, malicious, and/or done with a reckless disregard to PODLASEK's right to be free from discrimination and retaliation.

WHEREFORE, PODLASEK, respectfully requests:

a.     All wages and benefits PODLASEK would have received but for the discrimination, including pre-judgment interest and reinstatement to the position of Assistant State's Attorney;

b.     Compensatory damages in an amount to be determined to compensate PODLASEK for depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendant's conduct;

c.     The Defendant be required to pay prejudgment interest to PODLASEK on these damages;

d.     A permanent injunction enjoining the Defendant from engaging in the discriminatory and wrongful practices complained of herein;

e.     A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADA, 42 U.S.C. § 12101 *et seq*.;

f.     The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; and

g.     An award of reasonable attorneys' fees, costs, and litigation expenses.

## COUNT II
## (FAILURE TO ACCOMMODATE A KNOWN DISABILITY
## IN VIOLATION OF THE ADA)

35.     PODLASEK restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein.

36.     The actions of the Defendant, STATE'S ATTORNEY, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that the Defendant deprived PODLASEK of his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., by failing to make reasonable accommodations to the known physical or mental limitations of PODLASEK, an otherwise qualified individual.

37.     Under the ADA, as a result of PODLASEK's health condition -- Parkinson's disease -- PODLASEK is considered to have a disability, because he has a physical or mental impairment that substantially limits one or more of his major life activities; or PODLASEK is regarding as having such an impairment by the Defendant.  42 U.S.C. § 12102(1)(A) and (C).

38.     Prior to his termination, PODLASEK was a qualified individual with a disability, in that with or without a reasonable accommodation PODLASEK was able to perform the essential functions of the position he held as an Assistant State's Attorney.  42 U.S.C. § 12111(8).

39.     Prior to his termination, PODLASEK was qualified for the position of Assistant State's Attorney and was meeting the legitimate performance expectations of his employer.

40.     The Defendant, STATE'S ATTORNEY, failed and refused to engage in an interactive process with PODLASEK once the Defendant was advised by PODLASEK that he had a need for a reasonable accommodation as a result of his physical or mental limitations -- Parkinson's disease.  29 C.F.R. § 1630.2(o)(3).

9

41. The Defendant, STATE'S ATTORNEY, failed and refused to make a reasonable accommodation to the known physical or mental limitations of PODLASEK -- Parkinson's disease -- who was an otherwise qualified individual with a disability or perceived disability. 42 U.S.C. § 12112(b)(5)(A).

42. As a direct and proximate result of the Defendant, STATE'S ATTORNEY's, wrongful conduct of not engaging in an interactive process with PODLASEK and refusing to make a reasonable accommodation for PODLASEK, which ultimately lead to the improper suspension and termination of PODLASEK's employment, PODLASEK suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to his reputation, and other consequential and special damages.

43. Defendant, STATE'S ATTORNEY's, wrongful conduct of not engaging in an interactive process with PODLASEK and refusing to make a reasonable accommodation for PODLASEK, which ultimately lead to the improper suspension and termination of PODLASEK's employment, was intentional, willful, malicious, and/or done with a reckless disregard to PODLASEK's right to be free from discrimination and retaliation.

WHEREFORE, PODLASEK, respectfully requests:

a. All wages and benefits PODLASEK would have received but for the discrimination, including pre-judgment interest and reinstatement to the position of Assistant State's Attorney;

b. Compensatory damages in an amount to be determined to compensate PODLASEK for depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendant's conduct;

c. The Defendant be required to pay prejudgment interest to PODLASEK on these damages;

d. A permanent injunction enjoining the Defendant from engaging in the discriminatory and wrongful practices complained of herein;

10

e.   A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADA, 42 U.S.C. § 12101 *et seq*.;

f.   The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; and

g.   An award of reasonable attorneys' fees, costs, and litigation expenses.

## COUNT III
## (RETALIATION AND INTERFERENCE IN VIOLATION OF THE ADA)

44.   PODLASEK restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein.

45.   The actions of the Defendant, STATE'S ATTORNEY, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that the Defendant deprived PODLASEK of his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*., by retaliating and interfering with PODLASEK for exercising his rights under the ADA in making requests for reasonable accommodations to the known physical or mental limitations of PODLASEK, an otherwise qualified individual.

46.   Under the ADA, as a result of PODLASEK's health condition -- Parkinson's disease -- PODLASEK is considered to have a disability, because he has a physical or mental impairment that substantially limits one or more of his major life activities; or PODLASEK is regarding as having such an impairment by the Defendant.  42 U.S.C. § 12102(1)(A) and (C).

11

47.     Prior to his termination, PODLASEK was a qualified individual with a disability, in that with or without a reasonable accommodation PODLASEK was able to perform the essential functions of the position he held as an Assistant State's Attorney.  42 U.S.C. § 12111(8).

48.     Prior to his termination, PODLASEK was qualified for the position of Assistant State's Attorney and was meeting the legitimate performance expectations of his employer.

49.     The Defendant, STATE'S ATTORNEY, failed and refused to engage in an interactive process with PODLASEK once the Defendant was advised by PODLASEK that he had a need for a reasonable accommodation as a result of his physical or mental limitations -- Parkinson's disease.  29 C.F.R. § 1630.2(o)(3).

50.     The Defendant, STATE'S ATTORNEY, failed and refused to make a reasonable accommodation to the known physical or mental limitations of PODLASEK -- Parkinson's disease -- who was an otherwise qualified individual with a disability or perceived disability.  42 U.S.C. § 12112(b)(5)(A).

51.     The Defendant, STATE'S ATTORNEY, retaliated and/or interfered with PODLASEK because he exercised his rights under the ADA by requesting a reasonable accommodation for his disability -- Parkinson's disease.  42 U.S.C. § 12203(a) and (b).

52.     As a direct and proximate result of the Defendant, STATE'S ATTORNEY's, wrongful conduct of retaliation and/or interference with PODLASEK because he exercised his rights under the ADA by requesting a reasonable accommodation for his disability, which ultimately lead to the improper suspension and termination of PODLASEK's employment, PODLASEK suffered mental anguish, emotional distress, humiliation, emotional pain and

suffering, inconvenience, lost wages and benefits, damage to his reputation, and other consequential and special damages.

53.     Defendant, STATE'S ATTORNEY's, wrongful conduct of retaliation and/or interference with PODLASEK because he exercised his rights under the ADA by requesting a reasonable accommodation for his disability, which ultimately lead to the improper suspension and termination of PODLASEK's employment, was intentional, willful, malicious, and/or done with a reckless disregard to PODLASEK's right to be free from discrimination and retaliation.

WHEREFORE, PODLASEK, respectfully requests:

a.     All wages and benefits PODLASEK would have received but for the discrimination, including pre-judgment interest and reinstatement to the position of Assistant State's Attorney;

b.     Compensatory damages in an amount to be determined to compensate PODLASEK for depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendant's conduct;

c.     The Defendant be required to pay prejudgment interest to PODLASEK on these damages;

d.     A permanent injunction enjoining the Defendant from engaging in the discriminatory and wrongful practices complained of herein;

e.     A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADA, 42 U.S.C. § 12101 *et seq*.;

f.     The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; and

g.     An award of reasonable attorneys' fees, costs, and litigation expenses.

## COUNT IV
## (DISABILITY DISCRIMINATION IN VIOLATION OF THE IHRA)

54.     PODLASEK restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein.

55.     The actions of the Defendant, STATE'S ATTORNEY, as perpetrated by its agents and as described and complained of hereinabove, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting PODLASEK because of his disability and/or his perceived disability, in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102.

56.     The Illinois Human Rights Act makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of a disability.  775 ILCS 5/1-103(Q); 775 ILCS 5/2-102.

57.     By its conduct described herein, Defendant, STATE'S ATTORNEY, subjected PODLASEK to disability discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/2-102.

58.     The Defendant, STATE'S ATTORNEY, failed and refused to engage in an interactive process with PODLASEK once the Defendant was advised by PODLASEK that he had a need for a reasonable accommodation as a result of his physical or mental limitations -- Parkinson's disease.  775 ILCS 5/2-102.

14

59.     The Defendant, STATE'S ATTORNEY, failed and refused to make a reasonable accommodation to the known physical or mental limitations of PODLASEK -- Parkinson's disease -- who was an otherwise qualified individual with a disability or perceived disability. 775 ILCS 5/2-102.

60.     The Defendant, STATE'S ATTORNEY, discriminated against PODLASEK by suspending and terminating his employment because of his disability -- Parkinson's disease -- or as a result of his perceived disability -- Parkinson's disease.  775 ILCS 5/2-102.

61.     As a direct and proximate result of the Defendant, STATE'S ATTORNEY's, wrongful conduct and improper suspension and termination of PODLASEK's employment, PODLASEK suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to his reputation, and other consequential and special damages.

62.     Defendant, STATE'S ATTORNEY's, wrongful conduct and improper suspension and termination of PODLASEK's employment, was intentional, willful, malicious, and/or done with a reckless disregard to PODLASEK's right to be free from discrimination and retaliation.

WHEREFORE, PODLASEK, respectfully requests:

a.      All wages and benefits PODLASEK would have received but for the discrimination, including pre-judgment interest and reinstatement to the position of Assistant State's Attorney;

b.      Compensatory damages in an amount to be determined to compensate the Complainant for depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendant's conduct;

c.      The Defendant be required to pay prejudgment interest to PODLASEK on these damages;

d.      A permanent injunction enjoining the Defendant from engaging in the discriminatory and wrongful practices complained of herein;

15

e.      A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the IHRA, 775 ILCS 5/1-101 *et seq.;*

f.      The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; and

g.      An award of reasonable attorneys' fees, costs, and litigation expenses.

## COUNT V
## (IMPROPER USE OF THE FACT OF AN ARREST IN VIOLATION OF THE IHRA)

63.      PODLASEK restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein.

64.      The actions of the Defendant, STATE'S ATTORNEY, as perpetrated by its agents and as described and complained of hereinabove, are a civil rights violation as a result of the Defendant, STATE'S ATTORNEY's, improper use of the fact of PODLASEK's arrest as the basis for the suspension and termination of PODLASEK's employment, in violation of the Illinois Human Rights Act, 775 ILCS 5/2-103.

65.      The Illinois Human Rights Act makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of the fact of an arrest.  775 ILCS 5/2-103.

66.      By its conduct described herein, Defendant, STATE'S ATTORNEY, suspended and terminated PODLASEK's employment based upon the fact of his arrest in violation of the Illinois Human Rights Act, 775 ILCS 5/2-103.

67. As a direct and proximate result of the Defendant, STATE'S ATTORNEY's, wrongful conduct and improper suspension and termination of PODLASEK's employment, PODLASEK suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to his reputation, and other consequential and special damages.

68. Defendant, STATE'S ATTORNEY's, wrongful conduct and improper suspension and termination of PODLASEK's employment, was intentional, willful, malicious, and/or done with a reckless disregard to PODLASEK's right to be free from discrimination.

WHEREFORE, PODLASEK respectfully requests:

a. All wages and benefits PODLASEK would have received but for the discrimination, including pre-judgment interest and reinstatement to the position of Assistant State's Attorney;

b. Compensatory damages in an amount to be determined to compensate PODLASEK for depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendant's conduct;

c. The Defendant be required to pay prejudgment interest to PODLASEK on these damages;

d. A permanent injunction enjoining the Defendant from engaging in the discriminatory and wrongful practices complained of herein;

e. A permanent injunction requiring that the Respondent adopt employment practices and policies in accord and conformity with the requirements of the IHRA, 775 ILCS 5/2-103.

f. The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; and

g. An award of reasonable attorneys' fees, costs, and litigation expenses.

## COUNT VI
## (RETALIATION IN VIOLATION OF THE IHRA)

69.     PODLASEK restates and realleges by reference paragraphs 1 through 26 above as though fully set forth herein.

70.     The actions of the Defendant, STATE'S ATTORNEY, as perpetrated by its agents and as described and complained of hereinabove, are a civil rights violation as a result of the Defendant, STATE'S ATTORNEY's, improper retaliation as a result of PODLASEK's request for a reasonable accommodation to the known physical or mental limitations of the PODLASEK -- Parkinson's disease -- in violation of the Illinois Human Rights Act, 775 ILCS 5/6-101(A).

71.     The IHRA makes it unlawful to retaliate against any individual in the terms, conditions, or privileges of employment because the individual requested, attempted to request, used, or attempted to use a reasonable accommodation as allowed by the IHRA.  775 ILCS 5/6-101(A).

72.     By its conduct described herein, Defendant, STATE'S ATTORNEY, retaliated against PODLASEK because he exercised his rights under the IHRA by requesting a reasonable accommodation for his disability, which ultimately lead to the improper suspension and termination of PODLASEK's employment, in violation of the Illinois Human Rights Act, 775 ILCS 5/6-101(A).

73.     As a direct and proximate result of the Defendant, STATE'S ATTORNEY's, wrongful conduct of retaliation and/or interference with PODLASEK because he exercised his rights under the IHRA by requesting a reasonable accommodation for his disability, which ultimately lead to the improper suspension and termination of PODLASEK's employment,

18

PODLASEK suffered mental anguish, emotional distress, humiliation, emotional pain and suffering, inconvenience, lost wages and benefits, damage to his reputation, and other consequential and special damages.

74.     Defendant, STATE'S ATTORNEY's, wrongful conduct of retaliation and/or interference with PODLASEK because he exercised his rights under the IHRA by requesting a reasonable accommodation for his disability, which ultimately lead to the improper suspension and termination of PODLASEK's employment, was intentional, willful, malicious, and/or done with a reckless disregard to PODLASEK's right to be free from discrimination and retaliation.

WHEREFORE, PODLASEK, respectfully requests:

a.     All wages and benefits PODLASEK would have received but for the discrimination, including pre-judgment interest and reinstatement to the position of Assistant State's Attorney;

b.     Compensatory damages in an amount to be determined to compensate PODLASEK depression, humiliation, anguish, emotional distress, and defamation, caused by the Defendant's conduct;

c.     The Defendant be required to pay prejudgment interest to PODLASEK on these damages;

d.     A permanent injunction enjoining the Defendant from engaging in the discriminatory and wrongful practices complained of herein;

e.     A permanent injunction requiring that the Defendant adopt employment practices and policies in accord and conformity with the requirements of the IHRA, 775 ILCS 5/1-101 *et seq.;*

f.     The Court retain jurisdiction of this case until such time as it is assured that the Defendant has remedied the policies and practices complained of herein and is determined to be in full compliance with the law; and

g.     An award of reasonable attorneys' fees, costs, and litigation expenses.

THE PLAINTIFF DEMANDS TRIAL BY JURY.


Respectfully submitted,
PLAINTIFF,


s/      Brian R. Holman
_____
By:     One of his Attorneys


Brian R. Holman
Dennis H. Stefanowicz, Jr.
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Plaintiff
233 South Wacker Drive, Suite 9305
Chicago, Illinois 60606
(312) 258-9700
BRH@HS-ATTORNEYS.COM
DHS@HS-ATTORNEYS.COM

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Robert Podlasek
C/O Brian Holman
HOLMAN & STEFANOWICZ, LLC
233 S. Wacker Dr., Suite 9305
Chicago, IL 60606

From: Chicago District Office
230 S. Dearborn
Suite 1866
Chicago, IL 60604

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-02703 | Shuwn Hayes, Investigator | (312) 872-9733 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)

*Julianne Bowman*                    1/24/2020

Julianne Bowman,
District Director                    (Date Mailed)

cc:  OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY
Mona Lawton
Supervisor
COOK COUNTY STATE'S ATTORNEY'S OFFICE
500 Richard J. Daley Center
Chicago, IL 60602

**EXHIBIT**

A

*Rec'd. 2/3/20*

21